# UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

_____

No. 99-41216

_____

ALBERTO VALDEZ,

Petitioner - Appellee,

versus

JANIE COCKRELL, Director, Texas Department of Criminal Justice,
Institutional Division,

Respondent-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

April 2, 2002
ON PETITION FOR PANEL REHEARING
(Opinion 12/3/01, 5th Cir., 2001, 274 F.3d 941)

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

The petition for panel rehearing is DENIED. In denying rehearing, the panel believes that the

opinion properly holds that the district court abused its discretion when it excluded four exhibits

relevant to the issue of whether Valdez's counsel were ineffective for not investigating and presenting

evidence at sentencing of his alleged mental retardation. As the opinion states, the exhibits are

relevant because they existed at the time of the 1988 trial and undercut Valdez's assertion that he is

mentally retarded.  Moreover, to the extent that the district court excluded the exhibits as a sanction for alleged discovery violations in prior state court proceedings, the panel still believes that the district court abused its discretion.  Although, as the dissent notes, there are many cases supporting a district court's discretion to fashion appropriate sanctions for failing to comply with the Federal Rules of Civil Procedure and pretrial orders, those facts are not present here.  Valdez is not objecting to the Director's failure to comply with an order issued by the district court in his federal habeas proceeding.  Rather, Valdez is objecting on the ground that the State failed to comply with discovery requests in earlier proceedings in state court.  Finally, the panel notes that Valdez has not shown that the State's failure to produce these exhibits sooner prejudiced him.  The exhibits at issue indicate that Valdez was *not* mentally retarded.  Consequently, the State's failure to introduce them at Valdez's earlier capital murder trial and state habeas hearing actually worked to Valdez's advantage.

JAMES L. DENNIS, Circuit Judge, dissenting from the denial of panel rehearing:

In his petition for panel rehearing, Alberto Valdez requests that the panel opinion be amended to affirm the district court's exclusion of four exhibits from his federal evidentiary hearing. The panel opinion correctly states that we review evidentiary rulings for abuse of discretion and that an erroneous evidentiary ruling will be reversed only where a substantial right of a party is affected. *See Valdez v. Cockrell*, 274 F.3d 941, 957 (5th Cir. 2001). But, for the reasons that follow, I do not see how the district court's exclusion of the four exhibits at issue constitutes an abuse of discretion.

First, the exclusion of evidence is a recognized sanction or remedy for discovery violations. *See* 4 WAYNE R. LAFAVE ET AL., CRIMINAL PROCEDURE § 20.6(a) (2d ed. 1999). The 1990 subpoena issued during the state habeas proceeding obligated the Director to produce the four exhibits. Because the Director did not comply until the first day of the federal evidentiary hearing—several years later—I find it impossible to conclude that the district court abused its discretion in excluding the exhibits. Indeed, a district court may abuse its discretion by *admitting* testimony or documents that a proponent fails to timely identify or produce when under a legal obligation to do so. *See, e.g., Campbell v. Keystone Aerial Surveys, Inc.,* 138 F.3d 996 (5th Cir. 1998). Moreover, had the State produced the exhibits prior to Valdez's murder trial in response to his trial counsel's discovery request, the issue of mental retardation may have been investigated and presented to the jury during the penalty phase of the trial. Thus, questions of relevancy notwithstanding, the district court could conclude, without abusing its discretion, that the State waived the opportunity to present the exhibits by failing to produce them in a timely manner. By overturning the district court's decision regarding the exhibits, the panel opinion rewards the State

-3-

for failing to do what it should have done over a decade ago.

Second, I also find that the district court's exclusion of the exhibits as irrelevant was within its sound discretion. Although the panel opinion relies on the *existence* of these documents prior to Valdez's trial and habeas hearing, *Strickland* asks whether there is a reasonable probability that, but for counsel's failure to investigate Valdez's possible retardation, the result of the *1988 trial* would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694–96 (1984). Evidence for which the Director cannot establish availability at that time is not relevant to the *Strickland* inquiry. Because the Director failed to demonstrate the relevancy of the exhibits, the district court did not abuse its discretion in excluding them. *See United States v. McClatchy*, 249 F.3d 348, 358 (5th Cir. 2001). Because the district court did not err, inquiry into the substantial rights of the Director is unnecessary.

The panel majority's review of the district court's ruling on the exhibits seems far closer to *de novo* than it does to abuse of discretion, which may unfortunately reflect my colleagues' opinion as to the ultimate merits of this case. The district court did not abuse its discretion; accordingly, I dissent from the denial of panel rehearing.